**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES LLOYD** | : |
| **4440 Willard Ave. #1415** | |
| **Chevy Chase, MD  20815** | : |
| | |
| **Plaintiff,** | : |
| | |
| v. | : |
| | |
| **FIG & OLIVE DC LLC** | : |
| **d/b/a Fig & Olive** | |
| **133 W 19th St., Ste. 300** | : Civil Action No.: |
| **New York, NY 10011** | |
| | : |
| **Serve:** | |
| **Corporation Service Company** | : |
| **1090 Vermont Ave., NW** | |
| **Washington, DC 20005** | : |
| | |
| **Defendants.** | : |

## COMPLAINT

Plaintiff James Lloyd, by and through undersigned counsel, respectfully demands judgment against Defendant Fig & Olive DC LLC d/b/a Fig & Olive ("Fig & Olive") on the grounds and in the amount set forth below:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 USC § 1332(a)(1) and (e) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because the defendant has certain minimum contacts with the District of Columbia.

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

2. Venue is proper pursuant to 28 USC § 1391(a)(2) as the negligent acts and/or omissions committed by Defendant occurred in the District of Columbia, and the cause of action arose in the District of Columbia.

## PARTIES

3. At all times relevant hereto, Plaintiff James Lloyd was and is an adult citizen and resident of the State of Maryland.

4. Upon information and belief, and at all relevant times herein, Defendant Fig & Olive is a corporation organized and existing under the laws of Delaware. Defendant develops and operates certain restaurants. At all times relevant to the allegations contained in this Complaint, Fig & Olive was registered to do business and did conduct business in the District of Columbia, including at 934 Palmer Alley, NW, Washington, D.C. 20001. Defendant manufactured and sold the food products that are the subject of this action at its restaurant location in the District of Columbia.

## FACTS

5. On September 10, 2015, the Fig & Olive restaurant in Washington, DC closed following a *salmonella* outbreak, and the restaurant remained closed for the following six days. It has been confirmed that this outbreak caused more than 60 people to become ill after dining at Fig & Olive in the days prior to September 10th, and approximately 150 additional cases are being investigated. This outbreak may now involve residents in several states.

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

6. The District of Columbia Department of Health ("DOH") investigated the outbreak and allowed operations to be restored after it was able to confirm that Fig & Olive has removed all conditions that may have contributed to the *salmonella* outbreak.

7. The term *Salmonella* refers to a group or family of bacteria that may cause chronic illness in humans, including gastrointestinal injuries that last for several days and reoccur over time. *Salmonella* bacteria are usually transmitted to humans by eating foods contaminated with animal feces or foods that have been handled by infected food service workers who have practiced poor personal hygiene.

8. Plaintiff James Lloyd dined at Defendant Fig & Olive's restaurant in Washington, D.C. on Saturday, September 5, 2015 with a friend. During the course of the evening, he consumed the "Truffle Mushroom Croquette", the "Crab & Heirloom Tomato", and 2-3 beverages.

9. The following day, Plaintiff began to experience violent symptoms, including diarrhea, vomiting, and a fever. He continued to experience these symptoms but was unable to see his primary care physician due to the Labor Day holiday.

10. On September 8, 2015, he contacted his primary care physician and went to his physician's office. He continued to experience diarrhea, vomiting, and sweating. His temperature was also elevated.

11. On September 9, 2015, he went to the emergency room at Sibley Memorial Hospital, where he was seen by a doctor and received an IV. The emergency

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

room doctor asked Plaintiff where he had last eaten and noted that other patients that had eaten at Fig & Olive were experiencing similar symptoms.

12. Plaintiff was at the hospital for approximately 4 to 5 hours receiving a manual IV. The hospital also took a blood and stool sample.

13. Upon discharge, Plaintiff immediately contacted Fig & Olive and informed them of his condition. The manager at Fig & Olive told him that they had received no other complaints, but would follow-up with him and never did. Fig & Olive was forced to close the following day.

14. On September 10, 2015, Plaintiff was contacted by the DOH, which conducted an extensive interview of him to determine exactly what he ate and what he experienced. DOH called again the following day for more information.

15. On September 11, 2015, the hospital contacted Plaintiff to inform him that his cultures tested positive for *Salmonella*. Plaintiff contacted the DOH to inform them of his testing results.

16. Plaintiff has followed the DOH's recommendation to see a gastrointestinal specialist and an infectious diseases physician.

17. Plaintiff's fever did not subside for 4 days and he experienced intense gastrointestinal distress was experienced for 16 days. He lost a total of 8.5 pounds during this time. He still suffers from his injuries. Prior to the incident, Plaintiff was a marathon runner in peak physical shape.

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT I
### (Strict Liability)

18. Plaintiff incorporates by reference paragraphs 1 through 17 as fully set forth herein and alleges that, at all times relevant hereto, Defendant was the manufacturer and seller of the adulterated food product that is the subject of the action.

19. Plaintiff alleges that adulterated food product that the defendant manufactured, distributed, and/or sold was, at the time it left the defendant's control, defective and unreasonably dangerous for its ordinary and expected use because it contained Salmonella, a deadly pathogen.

20. Plaintiff alleges that the adulterated food product that Defendant manufactured, distributed, and/or sold was delivered to the Plaintiff without any change in its defective condition. The adulterated food product that the Defendant manufactured, distributed, and/or sold was used in the manner expected and intended, and was consumed by the plaintiff.

21. Plaintiff further alleges that the Defendant owed a duty of care to the Plaintiff to design, manufacture, and/or sell food that was not adulterated, which was fit for human consumption, that was reasonably safe in construction, and that was free of pathogenic bacteria or other substances injurious to human health. Defendant breached this duty.

22. Plaintiff further alleges that Defendant owned a duty of care to the Plaintiff to design, prepare, serve, and sell food that was fit for human consumption, and

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

that was safe to the extent contemplated by a reasonable consumer. Defendant breached this duty.

23. Plaintiff alleges he suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the defendant manufactured, distributed, and/or sold.

### COUNT II
### (Negligence)

24. Plaintiff incorporates by reference paragraphs 1 through 23 as fully set forth herein and alleges that Defendant owed to the Plaintiff a duty to use reasonable care in the manufacture, distribution, and sale of its food product, the breach of which duty would have prevented or eliminated the risk that the Defendant's food products would become contaminated with Salmonella or any other dangerous pathogen. Defendant breached this duty.

25. Plaintiff alleges that Defendant had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of its food product, but failed to do so, and was therefore negligent. Plaintiff is among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provision pertaining to the manufacture, distribution, storage, and sale of similar food products.

26. Plaintiff further alleges Defendant had a duty to properly supervise, train, and monitor its respective employees, and to ensure their compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution,

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

storage, and sale of similar food products, but it failed to do so, and was therefore negligent.

27.    Plaintiff further alleges Defendant had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances and regulations, and that were clean, free from adulteration, and safe for human consumption, but it failed to do so, and was therefore negligent.

28.    Plaintiff has suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the defendant, in an amount that shall be fully proven at the time of trial.  These damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress, both past and future; pharmaceutical expenses, both past and future; and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

WHEREFORE, the Plaintiff, James Lloyd, demands judgment against Defendant Fig & Olive in the form of compensatory damages in the full and just amount of Five Hundred Thousand Dollars ($500,000.00) plus interest and costs.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury with respect to each claim in this Complaint.

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Respectfully submitted,

REGAN ZAMBRI & LONG, PLLC


By: */s/ Salvatore J. Zambri*
    Salvatore J. Zambri   #439016
    szambri@reganfirm.com
    1919 M Street, NW, Suite 350
    Washington, DC  20036
    PH:  (202) 463-3030
    FX:  (202) 463-0667
    *Counsel for Plaintiff*

Regan Zambri
Long PLLC
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030